Jeffrey A. Koncius, State Bar No. 189803
  *koncius@kiesel.law*
Cherisse H. Cleofe, State Bar No. 290152
  *cleofe@kiesel.law*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel:   (310) 854-4444
Fax:   (310) 854-0812

Abbas Kazerounian, State Bar No. 249203
  *ak@kazlg.com*
Jason Ibey, State Bar No. 284607
  *jason@kazlg.com*
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Tel:   (800) 400-6808
Fax:   (800) 520-5523

Attorneys for Plaintiff
**DEBRA LAWRENCE**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEBRA LAWRENCE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>US STUDENT LOAN CENTER, INC.,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff DEBRA LAWRENCE ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant US STUDENT LOAN CENTER, INC. (hereinafter, referred to as "Defendant") in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction because this case arises out of the violation of federal law. 47 U.S.C. § 227(b).

3. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (a) Plaintiff resides in the County of Los Angeles, State of California which is within this judicial district; (b) the conduct complained of herein occurred within this judicial district; and, (c) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

   i. is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

   ii. does substantial business within this district;

   iii. is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

   iv. the harm to Plaintiff occurred within this district.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, a citizen and resident of

1  the County of Los Angeles, State of California. Plaintiff is, and at all times mentioned
2  herein was, a "person" as defined by 47 U.S.C. § 153(39).
3      5.     Plaintiff is informed and believes, and thereon alleges, that Defendant is,
4  and at all times mentioned herein was, a Florida company located in Tampa, Florida,
5  and is a "person" as defined by 47 U.S.C. § 153(39).
6      6.     According to the website for Defendant, Defendant is a provider of student
7  loan resources and provides assistance to consumers who need help in document
8  processing of federal student loans.
9      7.     Plaintiff alleges that at all times relevant herein Defendant conducted
10  business in the State of California, in the County of Los Angeles and within this
11  judicial district.

## FACTUAL ALLEGATIONS

12
13      8.     At no time did Plaintiff ever enter into a business relationship with
14  Defendant.
15      9.     Plaintiff does not have any student loans, nor has Plaintiff taken out any
16  student loans.
17      10.    On or about January 29, 2016, Defendant sent an unwanted solicitation
18  text message to Plaintiff's cellular telephone number from short code 880022016. The
19  unwanted solicitation text message indicated a call-back number of 855-741-7492.
20      11.    Subsequently, on or about June 21, 2016, at approximately 9:39 a.m.,
21  Defendant sent another unwanted solicitation text message to Plaintiff's cellular
22  telephone number.
23      12.    The June 21, 2016, text message read:
24      From: 88202

Notice: Student
Loan Holders
Please Contact
(844) 310-3952
Presidents New

> 2016 Student Loan Forgiveness Plan. Be Loan FREE
>
> www.Help411.site Reply STOP 2 cancel

13. Upon information and belief, Defendant sent these text messages using an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), and prohibited by 47 U.S.C. § 227(b)(1)(A).

14. The second text message was sent using short message script 88202.

15. These text messages constituted calls that were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(i).

16. Upon information and belief, the equipment used by Defendant to send the text messages has the capacity to store or produce telephone numbers to be called using a random or sequential number generator.

17. Upon information and belief, the equipment used by Defendant to send the text messages also has the capacity to, and does, send text messages to telephone numbers stored as a list or in a database without human intervention.

18. Defendant's text messages were sent to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls or text messages pursuant to 47 U.S.C. § 227(b)(1).

19. Upon information and belief, these text messages were sent to Plaintiff for the purpose of soliciting Plaintiff's business.

20. Upon information and belief, when a person calls telephone number 855-741-7492 or 844-310-3952, the person is informed that the telephone numbers are associated with a marketing company used by Defendant or otherwise associated with Defendant.

21. Defendant did not have prior express written consent to send the solicitation text messages to Plaintiff.

22. These telephonic communication by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

23. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy which is specifically addressed and protected by the TCPA.

24. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that Defendant interrupted Plaintiff with an unwanted solicitation text message using an ATDS.

25. Defendant's text messages to Plaintiff's cellular telephone number was unsolicited by Plaintiff and without Plaintiff's permission or consent.

26. Plaintiff is informed and believes and here upon alleges, that the text messages were sent by Defendant and/or Defendant's agent(s) with Defendant's permission, knowledge and control for Defendant's financial benefit.

27. Through the aforementioned conduct, Defendant and/or its agent(s) have violated 47 U.S.C. § 227(b)(1)(A)(iii).

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Class").

29. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who were sent one or more text messages by Defendant and/or its agent and/or employee/s using an automatic telephone dialing system within the four years prior to the filing of this action.

30. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

31. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

32. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

33. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

34. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a) Whether, within the four years prior to the filing of this Complaint, Defendant or its agents initiated any telephonic communications to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system to any telephone number assigned to a cellular phone service;

    b) Whether Defendant can meet its burden of showing Defendant obtained prior express written consent;

      c)     Whether Defendant's conduct was knowing and/or willful;

      d)     Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

      e)     Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

35. As a person that received at least one telephonic communication from Defendant's ATDS without providing prior express written consent to Defendant, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

36. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

37. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the TCPA.

38. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

39. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227, *ET SEQ.*

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

42. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

43. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227, *ET SEQ.*

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

46. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

47. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class members pray for judgment as follows against Defendant:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter;
- Provide such further relief as may be just and proper.

In addition, Plaintiff and the Class members pray for further judgment as follows against Defendant:

## FIRST CAUSE OF ACTION
## FOR NEGLIGENT VIOLATION OF THE TCPA
## 47 U.S.C. § 227, *ET SEQ.*

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION
## FOR KNOWING/WILLFUL VIOLATION OF THE TCPA
## 47 U.S.C. § 227, *ET SEQ.*

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

DATED: October 21, 2016					Respectfully submitted,

**KIESEL LAW LLP**


By:  */s/ Jeffrey A. Koncius*
	Jeffrey A. Koncius
	Cherisse Cleofe

**KAZEROUNI LAW GROUP, APC**
	Abbas Kazerounian
	Jason Ibey

Attorneys for Plaintiff
**DEBRA LAWRENCE**

# **TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: October 21, 2016       Respectfully submitted,

**KIESEL LAW LLP**

By:  */s/ Jeffrey A. Koncius*
     Jeffrey A. Koncius
     Cherisse Cleofe

**KAZEROUNI LAW GROUP, APC**
     Abbas Kazerounian
     Jason Ibey

Attorneys for Plaintiff
**DEBRA LAWRENCE**